CHRISTINA WILSON, A/K/A CHRISTINA FIGUEREDO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilson v. Commissioner
Docket No. 18380-93
United States Tax Court
T.C. Memo 1994-562; 1994 Tax Ct. Memo LEXIS 570; 68 T.C.M. (CCH) 1185; November 8, 1994, Filed *570 An appropriate order and decision will be entered granting respondent's motion for summary judgment. Christina Wilson, pro se. For respondent: Margaret K. Hebert. CHIECHI
CHIECHI
MEMORANDUM OPINION CHIECHI, Judge: This case is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121. [1] Respondent determined a deficiency in petitioner's Federal income tax for 1991 in the amount of $ 12,652 and additions to tax for that year under sections 6651 and 6654 in the amounts of $ 2,222.25 and $ 487.11, respectively. For the reasons discussed below, the Court will grant respondent's motion. On May 10, 1994, the Court issued (1) a notice setting this case for trial on October 17, 1994, and (2) its standing pretrial order. On August 25, 1994, respondent filed a motion for summary judgment. On September 23, 1994, the Court *571 scheduled respondent's motion for hearing on October 17, 1994, in San Diego, California. Respondent represented in her motion, inter alia, and petitioner did not dispute, (1) that respondent sent a letter on June 6, 1994, to petitioner scheduling a conference for the purpose of meeting to narrow the issues for trial and to stipulate the facts not in dispute and (2) that petitioner failed to respond to that letter or to appear at the scheduled conference. Respondent further represented in her motion, and petitioner did not dispute, (1) that, in view of petitioner's refusal to cooperate in informal trial preparation, on June 29, 1994, respondent filed a request for admissions with the Court and served a copy on petitioner and (2) that respondent received no response to that request. Nor was any response by petitioner to respondent's request for admissions received by the Court. Consequently, each matter set forth therein, including the following, is deemed admitted. Rule 90(c); . Petitioner's legal residence at the time of the filing of the petition was San Diego, California. Petitioner, who was unmarried *572 at the close of 1991, was a cash basis taxpayer during that year. During 1991, she worked for both the San Diego Convention Center Corp. and Hartford Life Insurance Co. Petitioner received wages in that year from those two employers in the amounts of $ 27,579 and $ 12,871, respectively. During 1991, petitioner received the following interest income: Payor Amount
Union Bank
$ 146
Union Bank
8
M-West Mortgage Corp.
14
San Diego Municipal Credit Union
109
During the year at issue, petitioner received (1) income in the amount of $ 7,373 from the rental of certain real property, (2) unemployment compensation in the amount of $ 2,310 from the State of California Employment Development Department, and (3) a distribution from an individual retirement account (IRA) in the amount of $ 7,000 from Wedbush Morgan Securities. Petitioner did not pay any portion of that $ 7,000 IRA distribution into an IRA or individual retirement annuity on or before the 60th day after the day on which she received the distribution. The amount paid by petitioner during 1991 for items qualifying as itemized deductions does not exceed $ 3,400. Petitioner did not sustain any losses during that *573 year that are deductible under the provisions of the Internal Revenue Code. Petitioner did not file a U.S. Individual Income Tax Return (Form 1040) for 1991 and did not have reasonable cause for that failure. She underpaid her estimated tax for the year at issue and did not meet any of the exceptions to the estimated tax penalty. On September 26, 1994, petitioner submitted a letter to the Court that the Court treated as petitioner's response (response) to respondent's motion. In that response, petitioner indicated that she strongly disagreed with the notice of deficiency (notice) that was issued to her by respondent for 1991. She also made a number of factual allegations in that response, at least some of which were contrary to certain of the matters deemed admitted in respondent's request for admissions. At the call of this case from the calendar on October 17, 1994, neither petitioner nor anyone on her behalf appeared. The Court advised respondent's counsel that it would recall the case later on the day of October 17, 1994, and directed respondent's counsel to attempt to contact petitioner in order to advise her that the case was going to be recalled. On October 17, 1994, *574 the case was recalled. Respondent's counsel appeared and informed the Court that he attempted to contact petitioner by telephone earlier that day, but that he was not successful in reaching her. Pursuant to Rule 90(f), any matter admitted under Rule 90 is conclusively established unless the Court on motion permits withdrawal or modification of the admission. Petitioner did not move the Court that the matters deemed admitted pursuant to Rule 90(c) should be withdrawn or modified. Nor did petitioner present any evidence to the Court that withdrawal or modification of those deemed admissions should be allowed because the presentation of the merits of the case would be subserved thereby and respondent would not be prejudiced. Petitioner failed to cooperate with respondent either in preparing this case for trial or in attempting to settle it. She also disregarded other Rules and Orders of this Court. By way of illustration, no appearance was made by petitioner or anyone on her behalf at the call of this case from the calendar on October 17, 1994. Nor did petitioner or anyone on her behalf appear at the hearing on respondent's motion that was scheduled on that date. The Court may *575 grant summary judgment where there is no genuine issue of material fact, that is to say, where the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with any supporting affidavits, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); ; . The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact. The factual materials and the inferences therefrom are to be read in the light most favorable to the party opposing summary judgment. ; However, the party opposing summary judgment cannot rest upon mere allegations or denials set forth in that party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d); , *576 affg. per curiam ; . Petitioner has the burden of showing that the determinations in the notice for 1991 are erroneous. Rule 142(a); . Based on the entire record in this case, including the deemed admissions, the Court finds that respondent has met her burden of showing that no genuine issue of material fact exists as to respondent's determinations in the notice. Rule 121(b); see . The Court further finds that petitioner has failed to satisfy her burden of establishing error in those determinations. Accordingly, we will grant respondent's motion for summary judgment. To reflect the foregoing, An appropriate order and decision will be entered granting respondent's motion for summary judgment. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the year at issue.↩